UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KOLLIN GOODWIN,

        Plaintiff,                                           Hon. Paul L. Maloney

v.                                                              Case No. 1:21-cv-73

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the Commissioner's decision be affirmed.

**STANDARD OF REVIEW**

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her

decision and whether there exists in the record substantial evidence supporting that decision. *Id.* at 224-25. Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Livingston v. Commissioner of Social Security*, 776 Fed. Appx. 897, 898 (6th Cir., June 19, 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

## BACKGROUND

Plaintiff was 43 years of age on his alleged disability onset date. (ECF No. 11-5, PageID.210). He completed high school and worked previously as an assembler, teller, assistant branch manager, and insurance sales agent. (ECF No. 11-2, PageID.60, 74). Plaintiff applied for benefits on November 6, 2018, alleging that he had been disabled since September 1, 2018, due to morbid obesity, dystolic

dysfunction, severe plaque psoriasis, psoriatic arthritis and osteoarthritis, high blood pressure, shortness of breath, severe joint pain, pre-diabetes, and sleep apnea. (ECF No. 11-5, 11-6, PageID.210-11, 227).

Plaintiff's application was denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). Following an administrative hearing, ALJ Marc Jones, in an opinion dated December 11, 2019, determined that Plaintiff did not qualify for disability benefits. (ECF No. 11-2, PageID.54-113). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## **ANALYSIS OF THE ALJ'S DECISION**

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f). If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a non-exertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff bears the burden to demonstrate he is entitled to disability benefits and he satisfies his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age,

-3-

education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A). While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *O'Neal v. Commissioner of Social Security*, 799 Fed. Appx. 313, 315 (6th Cir., Jan. 7, 2020).

The ALJ determined that Plaintiff suffers from: arthritis, heart disease, hypertension, and obesity, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.56-57).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the ability to perform sedentary work subject to the following limitations: (1) he can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps/stairs; (2) he can never climb ladders, ropes, or scaffolds, or work at unprotected heights; (3) every 60 minutes he must be allowed to shift positions or alternate between sitting and standing for one to two minutes at a time while remaining on task; and (4) he must use a medically necessary cane at all times while walking. (ECF No. 11-2, PageID.57).

Based on the testimony of a vocational expert, the ALJ found that Plaintiff, despite his limitations, could still perform his past relevant work as an insurance sales agent. (ECF No. 11-2, PageID.60). The ALJ further found that even if Plaintiff could not perform his past relevant work there also existed approximately 85,000 jobs in the national economy which Plaintiff could perform consistent with his RFC. (*Id.*, PageID.60-62). Accordingly, the ALJ concluded that Plaintiff was not entitled to benefits.

## I. Medical Source Opinion

On October 25, 2019, Dr. Timothy Swartz completed a form report regarding Plaintiff's ability to perform work activities. (ECF No. 11-8, PageID.542-43). As detailed below, the doctor reported that Plaintiff was far more limited than the ALJ concluded. The ALJ, however, found Dr. Swartz's opinion "unpersuasive." (ECF No. 11-2, PageID.60). Plaintiff argues that he is entitled to relief because the ALJ's assessment of Swartz's opinions is not supported by substantial evidence.

Because Plaintiff filed his application after March 27, 2017, the ALJ evaluated the medical opinions pursuant to 20 C.F.R. § 416.920c. This regulation provides that the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)," even an opinion from a treating source. 20 C.F.R. § 416.920c(a). Instead, the ALJ is required to articulate his determination of the persuasiveness of a medical opinion "in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate." *Id.* § 416.920c(b)(1).

These factors include: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors which tend to support or contradict the opinion. *Id.* § 416.920c(1)-(5). The ALJ must explain his consideration of the supportability and consistency factors, but absent circumstances not present here, is not required to explain how the remaining factors were considered. *Id.* § 416.920c(b)(2), (3). The regulations define "supportability" and "consistency" as follows:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

*Id.* § 416.920c(c)(1)-(2).

Dr. Swartz reported that Plaintiff suffers from the following functional limitations: (1) Plaintiff is unable to lift even 10 pounds; (2) during an 8-hour workday, Plaintiff can stand/walk for less than two hours and sit for "about" 4 hours; (3) Plaintiff must be able to shift positions at will and, moreover, must lie down with his legs elevated 25-30 percent of the workday; and (4) Plaintiff can never bend or crouch and experiences significant limitations in his ability to use his upper extremities. (ECF No. 11-8, PageID.542-43).

The ALJ found the doctor's opinion "unpersuasive" because "such severe limitations are not supported by the physical examinations." (ECF No. 11-2, PageID.60). Specifically, the ALJ noted that examinations revealed that Plaintiff experienced "no swelling, no deformity, normal range of motion, normal coordination, and normal balance." The ALJ also noted that Plaintiff's heart condition has been characterized as "mild to moderate." (*Id.*). The ALJ's assessment is supported by substantial evidence.

Treatment notes dated August 30, 2017, indicate that recent cardiac testing revealed no evidence of arrythmia or ischemia. (ECF No. 11-7, PageID.377). The results of a physical examination were unremarkable and Plaintiff exhibited "normal" gait and range of motion. (*Id.*, PageID.380).

On August 13, 2018, Plaintiff reported to the emergency room complaining of shortness of breath. (*Id.*, PageID.335). The results of a physical examination and EKG were unremarkable. (*Id.*, PageID.334-35, 344). Chest -x-rays revealed "no acute disease." (*Id.*, PageID.402). Treatment notes dated August 17, 2018, indicate that Plaintiff was not using his CPAP machine regularly. (ECF No. 11-8, PageID.500). On August 22, 2018, Plaintiff participated in a heart catheterization procedure the results of which revealed no evidence of obstructive coronary artery disease. (ECF No. 11-7, PageID.348-53). X-rays of Plaintiff's knees, taken on August 27, 2018, indicated only "mild to moderate" findings. (ECF No. 11-8, PageID.484).

On September 5, 2018, Plaintiff reported that his medications were "helping" his shortness of breath. (ECF No. 11-7, PageID.360). The results of a physical examination were unremarkable and Plaintiff exhibited "normal" strength and range of motion. (*Id.*, PageID.361-63). Plaintiff, likewise, exhibited no neurologic or respiratory abnormalities. (*Id.*, PageID.363).

Treatment notes dated September 25, 2018, indicate that Plaintiff was experiencing "no back pain, no neck pain, no joint pain, no muscle pain. . .[and] no decreased range of motion." (*Id.*, PageID.411). Plaintiff, likewise, exhibited no respiratory or cardiovascular abnormalities. (*Id.*). Treatment notes dated December 5, 2018, indicate that Plaintiff exhibited "normal range of motion" with "no tenderness." (ECF No. 11-8, PageID.530).

Treatment notes dated April 18, 2019, indicate that Plaintiff was experiencing only "mild" shortness of breath without chest pain or lower extremity edema. (ECF No. 11-7, PageID.445). Plaintiff exhibited "normal" strength and range of motion without evidence of respiratory or cardiovascular abnormality. (*Id.*, PageID.447-48).

On August 21, 2019, Plaintiff reported that he was experiencing "tingling" in his upper extremities. (ECF No. 11-8, PageID.492). Diagnostic testing was "negative" and Plaintiff exhibited "normal muscle strength," "normal motor function," and "normal sensory perception." (*Id.*, PageID.494). The doctor concluded that "the examination is normal." (*Id.*, PageID.495).

Treatment notes dated August 29, 2019, indicate that Plaintiff was experiencing "no back pain, no neck pain, no joint pain, no muscle pain. . .[and] no decreased range of motion." (*Id.*, PageID.506). The results of a cardiovascular examination were unremarkable and Plaintiff exhibited "normal" gait, balance, reflexes, motor function, and coordination. (*Id.*, PageID.509-10). X-rays of Plaintiff's chest, taken September 3, 2019, revealed "no acute disease." (*Id.*, PageID.512).

This evidence more than supports the ALJ's assessment. Moreover, Dr. Swartz's treatment notes do not support his extreme opinions. (ECF No. 11-7, PageID.423-30, 455-90). First, much of the doctor's treatment notes merely transcribe Plaintiff's unsupported subjective allegations. Second, to the extent that Dr. Swartz reported the results of his examinations, such fail to support his extreme opinions.[1] In sum, the ALJ's assessment of Dr. Swartz's opinion is supported by substantial evidence. Accordingly, this argument is rejected.

The Court likewise rejects Plaintiff's argument that the ALJ erred by finding persuasive the opinion of a State Agency examiner who concluded that Plaintiff was capable of performing a limited range of sedentary work. (ECF No. 11-2, 11-3, PageID.60, 120-21). Because this conclusion is consistent with the medical evidence, the ALJ properly found it persuasive.

---

[1] The Court also notes that a great portion of Dr. Swartz's handwritten treatment notes are simply illegible.

## II.   The ALJ Properly Evaluated Plaintiff's Impairments

Plaintiff next asserts that he is entitled to relief because the ALJ failed to find that he suffered from psoriatic arthritis and osteoarthritis. At step two of the sequential disability analysis, the ALJ must determine whether the claimant suffers from a severe impairment. The Sixth Circuit has held that where the ALJ finds the presence of a severe impairment at step two and proceeds to continue through the remaining steps of the analysis, the alleged failure to identify as severe some other impairment constitutes harmless error so long as the ALJ considered the entire medical record in rendering his decision. *See Maziarz v. Sec'y of Health and Human Services*, 837 F.2d 240, 244 (6th Cir. 1987); *Kirkland v. Commissioner of Social Security*, 528 Fed. Appx. 425, 427 (6th Cir., May 22, 2013) ("so long as the ALJ considers all the individual's impairments, the failure to find additional severe impairments. . .does not constitute reversible error").

Here, the ALJ determined that Plaintiff suffered from severe impairments at step two of the analysis and continued with the remaining steps thereof, considering in detail the medical evidence of record. The record does not support that Plaintiff suffers from severe arthritis. More importantly, even if the Court assumes that Plaintiff does experience psoriatic arthritis or osteoarthritis, the record fails to establish that such limits him to a greater degree than the ALJ recognized in his RFC assessment.

Thus, even if it is assumed that the ALJ erred in failing to find that Plaintiff's psoriatic arthritis and osteoarthritis constitute a severe impairment, such does not call into question the substantiality of the evidence supporting the ALJ's decision. This argument is, therefore, rejected. *See Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (recognizing that the harmless error doctrine is intended to prevent reviewing courts from becoming "impregnable citadels of technicality"); *Heston v. Commissioner of Social Security*, 245 F.3d 528, 535-36 (6th Cir. 2001) (recognizing that remand to correct an error committed by the ALJ unnecessary where such error was harmless); *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("no principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result").

### III. The ALJ Properly Assessed Plaintiff's Subjective Allegations

At the administrative hearing, Plaintiff testified that he experiences difficulty concentrating, shortness of breath, and pain if he stands for longer than 5-10 minutes. (ECF No. 11-2, PageID.83-89). Plaintiff reported that if he walks further than 25 yards his legs will "give way" causing him to "fall down." (*Id.*, PageID.89-90). Plaintiff also reported that if he sits for longer than 20 minutes he experiences "excruciating" pain and numbness in his lower extremities. (*Id.*, PageID.90-91). The ALJ, however, discounted Plaintiff's subjective allegations on the ground that such were inconsistent with the record evidence. (*Id.*, PageID.59). Plaintiff argues

that he is entitled to relief because the ALJ improperly discounted his subjective allegations.

While "pain alone, if the result of a medical impairment, may be severe enough to constitute disability," *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984), a claimant's "statements about [his] pain or other symptoms will not alone establish that [he is] disabled." 20 C.F.R. § 404.1529(a); *see also*, *Hash v. Commissioner of Social Security*, 309 Fed. Appx. 981, 989 (6th Cir., Feb. 10, 2009).

Instead, a claimant's assertions of disabling pain and limitation are evaluated pursuant to the following standard. First, it must be determined whether the claimant has a medically determinable impairment that could reasonably be expected to produce the claimant's alleged symptoms. *See* Titles II and XVI: Evaluation of Symptoms in Disability Claims, Social Security Ruling 16-3p, 2016 WL 1119029 at *3-4 (S.S.A., Mar. 16, 2016). Next, the intensity and persistence of the claimant's symptoms are evaluated to determine the extent to which such limit his ability to perform work-related activities. *Id.* at *4-9.[2]

---

[2] Social Security Ruling 16-3p rescinded Social Security Ruling 96-7p. *Id.* at *1. However, the adoption of this new Social Security Ruling did not alter the analysis for evaluating a claimant's subjective statements. Instead, as the Social Security Administration stated, it was simply "eliminating the use of the term 'credibility' [so as to] clarify that that subjective symptom evaluation is not an examination of an individual's character." *Ibid.* As courts recognize, aside from this linguistic clarification, "[t]he analysis under SSR 16-3p otherwise is identical to that performed under SSR 96-7p." *Young v. Berryhill*, 2018 WL 1914732 at *6 (W.D. Ky., Apr. 23, 2018).

As is also well recognized, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *Workman v. Commissioner of Social Security*, 105 Fed. Appx. 794, 801 (6th Cir., July 29, 2004). But, where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record." In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference." *Ibid.* It is not for this Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand. *See, e.g., Ritchie v. Commissioner of Social Security*, 540 Fed. Appx. 508, 511 (6th Cir., Oct. 4, 2013) ("[w]e have held that an administrative law judge's credibility findings are virtually unchallengeable").

As discussed above, the medical record supports the ALJ's conclusion that Plaintiff's impairments are not as severe or as limiting as Plaintiff asserts. Plaintiff does not articulate any error in the ALJ's analysis, but rather urges the Court to re-weigh the evidence and reach a different conclusion. As already noted, this the Court cannot do. The ALJ articulated a clear rationale for his conclusions regarding Plaintiff's subjective allegations and the ALJ's conclusions are supported by substantial evidence. Accordingly, this argument is rejected.

## **CONCLUSION**

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be affirmed.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                            Respectfully submitted,

Date: May 19, 2022                            /s/ Phillip J. Green
                                                   PHILLIP J. GREEN
                                                   United States Magistrate Judge